UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MIRIAM SAMUEL, ET AL | * | CIVIL ACTION |
| | * | NO:  06-7234 |
| VERSUS | * | |
| | * | JUDGE: FALLON |
| PENDLETON METHODIST HOSPITAL, LLC,* | | |
| ET AL | * | MAGISTRATE: ROBY |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ANSWER AND REQUEST FOR TRIAL BY JURY OF
PENDLETON METHODIST HOSPITAL, LLC, UHS OF DELAWARE, INC.,
UNIVERSAL HEALTH SERVICES, INC., UHS OF RIVER PARISHES, INC., UHS-
PENDLETON, INC. AND UHS-LAKELAND MEDICAL CENTER, LLC  TO
PLAINTIFFS' ORIGINAL CLASS ACTION PETITION FOR DAMAGES AND FIRST,
SECOND AND THIRD AMENDING COMPLAINTS**

Defendants Pendleton Methodist Hospital, LLC, Universal Health Services, Inc.,[1]  UHS of

Delaware, Inc., UHS of Rivers Parishes, Inc., UHS-Pendleton, Inc. and UHS-Lakeland Medical

Center, LLC. through undersigned counsel, respectfully submit the following Answer to Plaintiffs'

---

[1]"UHS, Inc." is a non-existent entity, and since it is not mentioned in the body of
Plaintiffs' petitions, no cause of action is stated against it. To the extent that it is deemed a
misnomer for Universal Health Services, Inc., this Answer is adopted by "UHS, Inc."

Original Class Action Petition for Damages and First, Second and Third Amending Complaints as follows:

## FIRST DEFENSE

Plaintiffs fail to state a claim and/or cause of action upon which relief can be granted and accordingly this matter should be dismissed. Defendants reserve the right to assert any and all arguments and defenses raised in its Motions to Dismiss, the allegations of which are incorporated herein.

## SECOND DEFENSE

The Court lacks personal jurisdiction over Universal Health Services, Inc. and accordingly this defendant should be dismissed from this case. Universal Health Services, Inc. reserves the right to assert any and all of the jurisdictional arguments and defenses raised in its Motion to Dismiss, the allegations of which are incorporated herein.

## THIRD DEFENSE

Universal Health Services, Inc. was not properly cited or served, and accordingly this defendant should be dismissed from this case. Universal Health Services, Inc. reserves the right to assert any and all of the arguments and defenses raised in its Motion to Dismiss, the allegations of which are incorporated herein.

## FOURTH DEFENSE

Plaintiffs failed to join a party or parties whose joinder is necessary for the just adjudication of Plaintiffs' claims.

**FIFTH DEFENSE**

At all times relevant hereto, Defendants were duly qualified healthcare providers pursuant to the Louisiana Medical Malpractice Act (La. R.S. § 40:1299.41, *et seq.*) and  Plaintiffs' claims, which are expressly denied, are premature for failure to first submit such claims to a medical review panel against all Defendants.

**SIXTH DEFENSE**

At all times relevant hereto, Defendants were duly qualified healthcare providers pursuant to the Louisiana Medical Malpractice Act (La. R.S. § 40:1299.41, *et seq.*) and Defendants plead all privileges, immunities and limitations of liability of said legislation, specifically under LSA-R.S. § 40:1299.42,  with the result that the total amount recoverable hereto, if any, may not exceed $500,000.00 plus interests and costs and the amount recoverable against Defendants, if any, may not exceed the sum of $100,000.00.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred by the Louisiana Workers' Compensation Act (La. R.S. § 23:1032, *et seq.*) and Plaintiffs are relegated to workers' compensation as the exclusive remedy for their alleged injuries.

**EIGHTH DEFENSE**

Defendants are immune from liability for alleged injuries and/or damages asserted by Plaintiffs pursuant to the Louisiana Homeland Security and Emergency Assistance and Disaster Act's immunity provisions (La. R.S. §§ 29:733.1, 29:735; 29:735.1, 29:735.2, 29:735.3, 29:735.5) and Louisiana's Good Samaritan provisions (La. R.S. § 9:2793 and § 37:1731).

## NINTH DEFENSE

Plaintiffs' claims and causes of action are barred by applicable prescriptive periods, the doctrine of laches and the doctrines of waiver and/or estoppel.

## TENTH DEFENSE

Plaintiffs lack procedural capacity to pursue the claims asserted against Defendants.

## ELEVENTH DEFENSE

This matter should not proceed as a class action for the following reasons, including but not limited to:

a.  Plaintiffs' alleged injuries are not common to the class which they seek to represent and they cannot, therefore, proceed in a representative capacity;

b.  The class is not so numerous as to render joinder of all members impracticable;

c.  This dispute involves predominately individual factual issues;

d.  The claims of the named class members are not typical of the putative class;

e.  The named plaintiffs cannot adequately represent or protect the interests of the class;

f.  This dispute involves predominately individual legal issues regarding causation, liability and damages; and

g.  There are other superior methods of resolving this dispute.

## TWELFTH DEFENSE

Defendants expressly deny any and all allegations of negligence, gross negligence, criminal negligence, fault, medical malpractice, strict liability, premises liability, intentional wrongdoing or any other allegation of liability against Defendants.

## THIRTEENTH DEFENSE

Defendants are entitled to the protections of the *force majeure* or "Act of God" defense given that any injuries suffered by Plaintiffs and/or the decedents (same being denied) are the sole result of the consequences of Hurricane Katrina, which was an "Act of God" and unforeseeable occurrence, and not any fault or negligence of Defendants.

## FOURTEENTH DEFENSE

Plaintiffs' claims (same being denied) are barred, in whole or in part, because such claims arose from acts or conditions, which were not foreseeable, were unavoidable under the circumstances and/or were beyond Defendants' control. Specifically, the consequences of Hurricane Katrina, including its unprecedented flooding, were not foreseeable to Defendants. Defendants did not have a duty to prevent or protect against the consequences of unforeseeable, unavoidable and uncontrollable events.

## FIFTEENTH DEFENSE

At all material times, Defendants' conduct was in conformity with the applicable standards of care imposed upon them under the law and Defendants breached no duty to Plaintiffs and/or the decedents and thus Defendants deny that they are liable to Plaintiffs and deny that Plaintiffs and/or the decedents have suffered any damages.

## SIXTEENTH DEFENSE

At all material times, Plaintiffs and/or the decedents were properly treated in accordance with the standard of care applicable to similarly situated healthcare providers within the medical community.

**SEVENTEENTH DEFENSE**

At all material times, Defendants' actions complied with any and all local, state and federal laws and regulations and industry standards applicable to healthcare facilities,  including but not limited to those addressing hospital emergency preparedness planning and the design and construction  of emergency power systems in healthcare facilities.

**EIGHTEENTH DEFENSE**

Defendants deny that any alleged breach of duty owed to Plaintiffs and/or the decedents (same being denied) was a legal or proximate cause of Plaintiffs' and/or the decedents'  alleged injuries.

**NINETEENTH DEFENSE**

The conditions at the acute care and Lakeland campuses of  Pendleton Methodist Hospital were not defective and did not create an unreasonable risk of harm to Plaintiffs and/or the decedents, and Defendants did not have actual or constructive knowledge of any alleged defective conditions at the campuses of Pendleton Methodist Hospital (same being denied). Defendants, in the exercise of reasonable care, could not have prevented any defective conditions that are alleged to have existed (same being denied) at the campuses of Pendleton Methodist Hospital.

**TWENTIETH DEFENSE**

The sole and/or comparative contributing cause of the injuries alleged by Plaintiffs (same being denied) was the negligence of Plaintiffs and/or the decedents in the following ways, including but not limited to:

a.      Failing to protect their own personal well-being;

b.    Acting contrary to medical advice and/or failing to adhere to proper medical instructions;

c.    In seeking admission to and/or shelter at the campuses of Pendleton Methodist Hospital on the eve of Hurricane Katrina and/or thereafter despite a mandatory evacuation order issued by the Mayor of New Orleans;

d.    In failing to evacuate from the area at an earlier time despite a mandatory evacuation order issued by the Mayor of New Orleans; and

e.    Any and all other negligent or wrongful acts or omissions which may be revealed during discovery and/or proven at trial.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that such claims arose from acts or conditions to which Plaintiffs and/or the decedents consented by failing to heed the same warnings which they allege Defendants failed to heed (same being denied).

## TWENTY-SECOND DEFENSE

If Defendants are liable to Plaintiffs for any alleged damages (same being denied), Plaintiffs' recovery should be reduced in proportion to their own failure to take reasonable steps to mitigate their damages or reduce or otherwise ameliorate the extent or effect of those injuries, which failure constitutes a breach of their duty to mitigate damages and should proportionally reduce any recovery.

## TWENTY-THIRD DEFENSE

The injuries allegedly sustained by Plaintiffs and/or decedents (same being denied) occurred as a result of pre-existing medical conditions, causes or injuries which are completely unrelated to

Defendants and the existence of these pre-existing medical conditions, causes or injuries are a bar to and/or mitigating factor to any recovery sought by Plaintiffs.

**TWENTY-FOURTH DEFENSE**

Any damages alleged to have been suffered by Plaintiffs and/or the decedents (same being denied) were caused by intervening and/or superseding causes that were the proximate and/or sole cause of such injuries, and not any alleged conduct by Defendants.

**TWENTY-FIFTH DEFENSE**

Any damages alleged to have been suffered by Plaintiffs and/or the decedents (same being denied) were caused by the fault of third parties over whom Defendants had no control, authority or supervision and for whom Defendants cannot be held liable.

**TWENTY-SIXTH DEFENSE**

If Plaintiffs are entitled to recover from Defendants, which is expressly denied, Plaintiffs' recovery is barred and/or reduced in proportion to the degrees or percentages of fault attributable to Plaintiffs, the decedents and/or any other person, entity or individual to whom a percentage of fault is attributed, regardless of whether or not said person, entity or individual is a party to this action and regardless of whether or not said person, entity or individual is immune, statutorily or otherwise.

**TWENTY-SEVENTH DEFENSE**

As a result of Hurricane Katrina and the failure of the levee system protecting New Orleans East, Defendants' property was inundated with storm surge waters and heavily damaged.  Any and all damages alleged to have been suffered by Plaintiffs and/or the decedents (same being denied) were caused in whole or in part by Hurricane Katrina, the failure of the levee system and the fault of the U.S. Army Corp of Engineers ("USACE"), state levee districts and/or other public or private

entities involved in the design, construction and maintenance of the levee system for whom Defendants are not responsible. Defendants contend that these and other entities are at fault in numerous respects, which included but are not limited to the following:

a.      The USACE had a duty to protect Plaintiffs and/or the decedents from the consequences of hurricane-induced storm surge pursuant to the Flood Control Act of 1965, Pub. L. 89-298, § 204, 79 Stat. 1076 (Oct. 27, 1965). *See* 33 U.S.C. 701, *et seq.*;

b.      The State of Louisiana had an inherent duty to protect Plaintiffs and/or the decedents from the consequences of hurricane-induced storm surge, which had been delegated to the state's levee districts, including the Lake Borgne Levee District, pursuant to La. R.S. § 38:281(6); La. R.S. § 38:325(A)(1) and (2); and La. R.S. § 38:327;

c.      The USACE and/or the State's levee districts acted negligently in failing to properly design, construct and maintain the Gulf Intercoastal Waterway (GIWW) and Mississippi River Gulf Outlet (MRGO), including but not limited to, in the following ways:

    (i)     To prevent the "funneling" effect which negligently accelerated the rate at which hurricane-churned water headed into New Orleans East; and

    (ii)    To prevent the channels from exacerbating the loss of natural coastal hurricane barriers over many years which increased the impact of the storm surge from hurricanes on the levee system and which caused major portions of the levee system protecting New Orleans East to fail during Hurricane Katrina.

d.      The USACE and/or the State's levee districts acted negligently in failing to adequately warn Defendants regarding their failures to properly design, construct and maintain the levee systems;

e.      The campuses of Pendleton Methodist Hospital would not have sustained any significant flooding related to Hurricane Katrina but for the USACE's and/or State's levee districts' negligence in designing, constructing and maintaining the levee system protecting New Orleans East, and more specifically, in failing to construct the levees to their authorized designed heights, failing to use non-erodable materials to construct the levees and failing to adequately account for subsidence in designing and constructing the levees; and

f.      Plaintiffs and/or the decedents' alleged injuries (same being denied) were foreseeable to the USACE and/or the State's levee districts and were within the scope of protection afforded by the duty of the USACE and/or the State's levee districts to protect citizens from hurricane induced storm surge.

**TWENTY-EIGHTH DEFENSE**

Any and all damages alleged to have been suffered by Plaintiffs and/or the decedents (same being denied) were caused by the fault of, including, but not limited to, the Federal Government, the Federal Emergency Management Agency ("FEMA"), the State of Louisiana, the Parish of Orleans, the Parish of St. Bernard and others for whom Defendants are not responsible. Defendants contend that these and other entities are at fault in numerous respects, which included, but are not limited to, the following:

a.      The Parish of Orleans acted negligently by failing to more quickly issue a mandatory evacuation order prior to Hurricane Katrina and by failing to request State assistance more quickly, which resulted in a late response by both the Federal and State governments to assist in relief and evacuation efforts for Pendleton Methodist Hospital;

b.      The State of Louisiana acted negligently by failing to request federal assistance more quickly, which resulted in a late response by both the Federal and State governments to assist in relief and evacuation efforts for Pendleton Methodist Hospital;

c.      The Federal Government, including but not limited to FEMA, acted negligently by failing to respond more quickly to provide relief and evacuation assistance to Pendleton Methodist Hospital;

d.      The Federal Government, including but not limited to FEMA, acted negligently by interfering with private relief efforts directed toward Pendleton Methodist Hospital, including but not limited to private efforts to supply the Hospital with fuel and medical helicopters;

e.      The Federal Government, State of Louisiana and/or Orleans Parish had a duty to provide resources for the evacuation of Pendleton Methodist Hospital before and after Hurricane Katrina's landfall, and acted negligently by failing to do so;

f.      Local, State, Federal, other emergency officials and/or other first responders, over whom Defendants had no control, acted negligently by failing to evacuate Plaintiffs and/or the decedents to safe locations following their evacuation from the campuses of  Pendleton Methodist Hospital;

g.      Local, State, Federal, other emergency officials and/or other first responders, over

whom Defendants had no control, acted negligently by failing to properly treat

Plaintiffs and/or the decedents during and/or after the evacuation from the campuses

of Pendleton Methodist Hospital; and

h.      Local, State, Federal and other officials over whom Defendants had no control acted

negligently by failing to timely notify Plaintiffs of the location and/or status of those

who had been evacuated from the campuses of Pendleton Methodist Hospital.

## TWENTY-NINTH DEFENSE

Any damages alleged to have been suffered by Plaintiffs and/or the decedents (same being

denied) were caused by the fault of third-party architects, engineers and related professionals who

designed and constructed the campuses of Pendleton Methodist Hospital.

## THIRTIETH DEFENSE

Any damages alleged to have been suffered by Plaintiffs and/or the decedents (same being

denied) were caused by the fault of physicians and/or family members who controlled the decisions

whether to have a patient admitted or discharged from Pendleton Methodist Hospital.

## THIRTY-FIRST DEFENSE

Any damages alleged to have been suffered by Plaintiffs and/or the decedents (same being

denied) were caused by the fault of other health care providers, first responders and/or any other

individuals who treated, cared for or aided Plaintiffs and/or the decedents in the aftermath of

Hurricane Katrina.

## THIRTY-SECOND DEFENSE

To the extent that Plaintiffs have filed concurrent claims under state statutes and other legal grounds, those claims should be treated as alternative claims for one alleged harm for which Plaintiffs are not entitled to multiple recoveries.

## THIRTY-THIRD DEFENSE

To the extent any affirmative defenses pled herein are contradictory, mutually exclusive or otherwise inconsistent, such defenses are pleaded in the alternative.

## THIRTY-FOURTH DEFENSE

Defendants adopt any and all affirmative defenses available to them that may later be deemed relevant to these proceedings, and specifically reserve the right to amend their Answer to assert such defenses.

**AND NOW, ANSWERING THE SPECIFIC ALLEGATIONS OF THE COMPLAINTS, DEFENDANTS AVER:**

I.

(a).    The allegations of Paragraph I. of the original petition are denied. Defendants specifically deny any and all liability to Plaintiffs.  Universal Health Services is not a Louisiana corporation and it was not authorized to and doing business in the Parish of Orleans, State of Louisiana at any pertinent time. Further, the allegation that Universal Health Services was doing business as "Pendleton Memorial Methodist Hospital and Lakeland Medical Pavilion" is denied.

(b).    With respect to the first supplemental and amended class action petition for damages, Defendants specifically deny any and all liability to Plaintiffs. Although Paragraphs A,  B and C of the first supplemental and amended class action petition for damages do not appear to require responses, they are denied out of an abundance of caution.  Additionally:

1.      Paragraph I.(a) is denied. Universal Health Services is not a Louisiana corporation and it was not authorized to and doing business in the Parish of Orleans, State of Louisiana at any pertinent time. Further, the allegation that Universal Health Services was doing business as "Pendleton Memorial Methodist Hospital and Lakeland Medical Pavilion" is denied.

2.      Paragraph I.(b) is denied. UHS-Lakeland Medical Center, LLC was not doing business as  the co-owner and/or co-operator of Pendleton Memorial Methodist Hospital and Lakeland Medical Pavilion.

3.      Paragraph I. (c) is denied. UHS-Pendleton, Inc. was not doing business as the co-owner and/or co-operator of Pendleton Memorial Methodist Hospital and Lakeland Medical Pavilion.

4.      Paragraph I. (d) is admitted only to the extent that UHS of River Parishes, Inc. was the 90% shareholder of Pendleton Methodist Hospital, LLC as of August 29, 2005, but it is denied that UHS of River Parishes, Inc. was doing business as the co-owner and/or co-operator of Pendleton Memorial Methodist Hospital and Lakeland Medical Pavilion.

(c).    With respect to the second supplemental and amending class action complaint for damages, Defendants specifically deny any and all liability to Plaintiffs. Additionally:

1.      Paragraph I.(e) is admitted.

2.      Paragraph I.(f) it is denied that UHS of Delaware, Inc.'s principal place of business is in Louisiana.

II.

The allegations of Paragraph II of the original petition are denied, except that it is admitted that Pendleton Methodist Hospital's main acute campus was located at 5620 Read Blvd., New Orleans, LA and the Lakeland campus was located at 6000 Bullard Avenue, New Orleans, LA.

III.

Although Paragraph III of the original petition does not appear to require a response, it is denied out of an abundance of caution.

IV.

Defendants deny the allegations contained in Paragraph IV of the original petition and specifically deny that this action is appropriate for adjudication as a class action as to any issue identified in the original and amending complaints.

V.

Defendants admit that Hurricane Katrina made landfall in Louisiana on August 29, 2005.

VI.

The allegations of Paragraph VI of the original petition are denied.

VII.

The allegations of Paragraph VII of the original petition are denied.

VIII.

As to the allegations of Paragraph VIII of the original petition, it is admitted that persons, including Miriam Samuel, were located on the Pendleton Methodist Hospital campus premises, and that persons, including Lawrence Tassain, Jr., were located on the Lakeland Medical Pavilion campus premises before, during and after Hurricane Katrina made landfall.

IX.

The allegations of Paragraph IX of the original petition are denied.

X.

The allegations of Paragraph X of the original petition are denied.

XI.

The allegations of Paragraph XI of the original petition are admitted only in that some patients died at the Pendleton Methodist Hospital campus and one patient died at the Lakeland Medical Pavilion campus after Hurricane Katrina, otherwise the allegations of Paragraph XI are denied. It is specifically denied that Lawrence Tassain died on the premises of the Lakeland campus.

XII.

The allegations of Paragraph XII, including the allegations contained in subparts (a) through (e), of the original petition are denied.

XIII.

The allegations of Paragraph XIII of the original petition are admitted only in that Miriam Samuel was evacuated alive to another facility, otherwise the allegations of Paragraph XIII are denied.

XIV.

Defendants have no information or knowledge to admit or deny the allegations in Paragraph XIV of the original petition, and on that basis deny those allegations. With respect to the allegations contained in supplemental Paragraph XIV of the Third Supplemental and Amended Class Action Petition for Damages, including subparagraphs (a), (b) and (c), those allegations are specifically and expressly denied. Defendants specifically deny all allegations of intentional acts by Defendants.

### XV.

Defendants have no information or knowledge to admit or deny the allegations in Paragraph XV of the original petition, and on that basis deny those allegations.

### XVI.

The allegations of Paragraph XVI of the original petition are denied.

### XVII.

The allegations of Paragraph XVII of the original petition are denied.

### XVIII.

The allegations of Paragraph XVIII of the original petition are denied.

### XIX.

The allegations of Plaintiffs' Prayer for Relief are denied.

### XX.

Any additional allegations of the original Class Action Petition for Damages, First, Second and Third Amending Complaints are denied.

### XXI.

Defendants request a trial by jury on all issues.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for a trial by jury and that after due proceedings:

(1)     this Court dismiss Plaintiffs' claims and demands;

(2)     Plaintiffs take nothing by this action and their claims and demands be dismissed with prejudice at Plaintiffs' costs;

(3)     Defendants be awarded all attorneys' fees, costs and expenses incurred herein; and

(4)    Defendants be awarded all other general or equitable relief that this Court is

competent to grant and to which Defendants may be justly entitled.

**Respectfully submitted by,**


    **/s/ *David A. Bowling***
**DAVID A. BOWLING, ESQ. (#1726)**
**SUSANNAH C. McKINNEY, ESQ. (#24349)**
**WILSON , BOWLING & MCKINNEY, APLC**
**Place St. Charles**
**201 St. Charles Avenue , Suite 2411**
**New Orleans, Louisiana  70710-2411**
**Telephone:    (504) 586-5200**
**Facsimile:     (504) 586-5201**
**ATTORNEYS FOR PENDLETON METHODIST**
**HOSPITAL, LLC, UHS OF DELAWARE, INC.,**
**UNIVERSAL HEALTH SERVICES, INC., UHS OF**
**RIVER PARISHES, INC., UHS-PENDLETON, INC.**
**AND UHS-LAKELAND MEDICAL CENTER, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2010, I electronically filed the foregoing with the Clerk of

Court by using the CM/ECF system and served the following counsel via the Court's CM/ECF

service:

**VAL P. EXNICIOS, ESQ., ET AL**
**Liska, Exnicios & Nungesser**
**365 Canal Street, Suite 2290**
**New Orleans, LA 70130**
**Telephone:     (504) 410-9611**
**Facsimile:     (504) 410-9937**

**ANTHONY D. IRPINO, ESQ.**
**Irpino Law Firm**
**One Canal Place**
**365 Canal Street, Suite 2290**
**New Orleans, LA 70130**
**Telephone:     (504) 525-1500**
**Facsimile:     (504) 525-1500**

**TODD R. SLACK, ESQ.**
**Gauthier, Houghtaling & Williams, L.L.P.**
**3500 North Hullen Street**
**Metairie, Louisiana  70002**
**Telephone:     (504) 456-8600**
**Facsimile:     (504) 456-8624**

**CONRAD S.P. WILLIAMS, III, ESQ.**
**J. CHRISTOPHER ZAINEY, JR., ESQ.**
**Williams Law Group, L.L.C.**
**Maison Grand Caillou**
**435 Corporate Drive, Suite 101**
**Houma, Louisiana 70360**
**Telephone:     (985) 876-3891**
**Facsimile:     (985) 876-7594**

**RODERICK "RICO" ALVENDIA, ESQ., ET AL**
**Law Office of Alvendia, Kelly & Demarest, L.L.C.**
**1515 Poydras Street, Suite 1500**
**New Orleans, LA 70112**
**Telephone:     (504) 482-5811**
**Facsimile:     (504) 523-0699**

**MARK P. GLAGO, ESQ.**
**The Glago Law Firm, L.L.C.**
**One Canal Place - 17th Floor**
**365 Canal Street, Ste. 1700**
**New Orleans, LA 70130**
**Telephone:     (504) 599-8666**
**Facsimile:     (504) 599-8699**

**MELANIE LAGARDE, ESQ.**
**St. Martin, Williams, & Bourgue**
**365 Canal Street, Suite 2290**
**New Orleans, LA 70130**
**Telephone:     (504) 410-9611**
**Facsimile:     (504) 410-9937**

**TAMMIE HOLLEY, ESQ., RN**
**201 Saint Charles Avenue, Ste. 114-160**
**New Orleans, Louisiana 70170**
**Phone: (504) 599-5943**

 **/s/ David A. Bowling**
**DAVID A. BOWLING, ESQ. (#1726)**
**SUSANNAH C. McKINNEY, ESQ. (#24349)**

p:\30518\Plead\USDC\2010\AllDefs-Answer-032310